**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

LARRY R. MILLER, )
)
Plaintiff, )
)
) Case No. CIV-18-136-JHP-KEW
)
COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )
)
Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Larry R. Miller (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. § 404.1521. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 34 years old at the time of the ALJ's decision. He has a high school education and has worked in the past as a set up technician, spot welder, and veterinarian assistant. Claimant alleges an inability to work beginning on July 23, 2014, due to limitations resulting from depression, tremors, anxiety, bipolar disorder, schizophrenia, ADHD, dyslexia, sleep apnea, and back problems.

**Procedural History**

On September 26, 2014, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon

reconsideration. On April 25, 2017, the Administrative Law Judge(“ALJ”) Joseph Liken conducted a video hearing from Dallas, Texas, and Claimant appeared in Paris, Texas. On May 16, 2017, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on February 22, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner’s final decision for purposes of further appeal. 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity (“RFC”) to perform light work, with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error by finding Claimant had certain limitations in one portion of his decision and then by failing to include the limitations in his RFC assessment. Because of this, Claimant argues the RFC is not supported by substantial evidence.

**RFC Determination**

In the decision, the ALJ found Claimant suffered from severe impairments of lumbar disc disease, sleep apnea, mood disorder (not otherwise specified), and alcohol abuse (in partial

remission). (Tr. 14). He determined Claimant could perform light work as defined in 20 C.F.R. § 404.1567(b), except Claimant could never climb ladders, ropes, or scaffolds; could occasionally perform other postural maneuvers such as climbing ramps and stairs, balancing, kneeling, crawling, crouching, and stooping, could have no exposure to hazards such as unprotected heights, fast-moving machinery, sharp objects, or open flames; could have no exposure to temperature extremes; could have no concentrated exposure to vibrations or irritants such as dust, fumes, smoke, and gases; could understand, remember, and carry out detailed but non-complex instructions; could have no more than occasional contact with supervisors, coworkers, and the public; and should not have any work requiring a significant amount of reading or a high reading level. (Tr. 18-19).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of hand packager, assembler, and photocopy machine operator, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 26). As a result, the ALJ concluded that Claimant was not under a disability from July 23, 2014, his alleged onset date, through the date of the decision. *Id*.

Claimant contends that the ALJ determined he needed extra breaks and/or absences and production-pace and/or off-task limitations and then failed to include the limitations in the RFC.

In the portion of the ALJ's decision evaluating Claimant's reported symptoms and complaints, Claimant focuses on the following in support of his argument:

> Regarding environments, problems were both alleged and implied here. The claimant suggested that his distraction symptoms interfere with his ability to safely work around hazardous machinery. Additionally, his complaints about spine and apnea impairments imply that he would have problems tolerating arthritic and respiratory irritants like vibration and dust.
>
> As for general productivity and reliability, problems were indicated in this area as well. For example, in some of his statements the claimant suggested that he would often be bedridden due to fatigue side effects from his medications. This evidence, as well as the above-referenced complaints about distraction and variable symptoms, implies the need for extra breaks or absences, and/or production-pace or off-task limitations.

(Tr. 20-21).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case

record. *Id*. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. Ultimately, "[t]he final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ." *Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001).

The portion of the ALJ's decision referenced by Claimant is included in the ALJ's discussion of Claimant's symptoms and complaints. Claimant contends it is impossible to determine whether the ALJ intended to include the limitations since he did not specifically state he would not. It in no way follows that the ALJ's discussion that certain of these symptoms "implied" the existence of limitations meant that the ALJ somehow intended to include them in the RFC. It is clear from the ALJ's decision that he did not intend to include a limitation for extra breaks and/or absences and production-pace and/or off-task limitations, because he did not do so. *See Bales v. Colvin*, 576 Fed. Appx. 792, 800 (10th Cir. 2014) ("Ms. Bales faults the ALJ for not identifying which of [her] particular statements were true and untrue. But an ALJ is not required to identif[y] any specific incredible statements, so long as the ALJ indicates to what extent he credited what [the claimant] said when determining the limiting effect of

[the claimant's] symptoms." (internal quotation marks omitted). Moreover, the ALJ also discussed the objective medical findings, the findings from the consulting examiners, and the opinions from the state agency physicians and psychologists. (Tr. 21-24); *see also Hendron v. Colvin*, 767 F.3d 951, 954-56 (10th Cir. 2014) (rejecting argument that RFC is unsupported when "[t]he ALJ thoroughly reviewed the medical evidence" and "described the claimant's own reports of her abilities.").

The Court finds no error in the ALJ's RFC assessment. The RFC determination is supported by substantial evidence. *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (affirming denial of benefits when ALJ's decision was supported by substantial evidence and the correct legal standards were applied). Those limitations found to exist by the ALJ were included in his hypothetical question to the VE. (Tr. 82-83); *see Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment."), citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and

foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2019.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE